**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA J. HARMON, | No. 11-56898 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02979-GW-VBK |
| v. | |
| JOHNSON & JOHNSON, a Delaware corporation; JOHNSON & JOHNSON SALES AND LOGISTICS COMPANY, a Delaware corporation; NEUTROGENA CORPORATION, a Delaware corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 2, 2013[**]
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Sandra Harmon appeals the dismissal of her state law claims and the grant of summary judgment in favor of Defendants-Appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm. Because the parties are familiar with the facts, we do not recite them here.

The dismissal of Harmon's state law claims was appropriate. Harmon signed a release and waiver upon her termination in which she agreed to waive all claims against Defendants in exchange for a larger severance package. The release did not comply with the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). But, the failure to comply with the OWBPA did not invalidate the release as to Harmon's state law claims because the OWBPA applies only to federal claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427-28 (1998) (stating that the OWBPA applies only to ADEA claims). Because the OWBPA applies only to federal ADEA claims, noncompliance with the OWBPA has no effect on Harmon's state law claims. Thus, the district court properly dismissed Harmon's state law claims.

Likewise, the district court properly granted summary judgment on Harmon's federal ADEA claim. Even if Harmon met the minimal prima facie burden, Defendants provided legitimate, nondiscriminatory reasons for terminating

2

her as part of a reduction in workforce to reduce costs and because her position could be eliminated with little impact on Defendant Neutrogena's operations. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1211-12 (9th Cir. 2008). Harmon, in turn, failed "to raise a genuine issue of fact concerning whether the facially legitimate reasons proffered by [Defendants] are pretextual." *Id.* at 1212. Because Harmon failed to meet her burden to raise a genuine issue of fact as to pretext, summary judgment in favor of Defendants was appropriate.

**AFFIRMED.**