**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VAN DOUGLAS, Jr.,

                Plaintiff-Appellant,

  v.

LOUIS DEJOY, Postmaster General; DOES, 1-10, inclusive,

                Defendants-Appellees.

No. 19-56518

D.C. No.
2:18-cv-09657-MWF-MAA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 10, 2021
Pasadena, California

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.

     Plaintiff-Appellant Van Douglas, Jr. ("Douglas"), a former postal worker,

appeals the district court's entry of summary judgment for Defendant-Appellee

Louis DeJoy ("Postmaster General") dismissing Douglas' federal retaliation and

age discrimination claims. We have jurisdiction under 28 U.S.C. § 1291, and on

de novo review, we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Douglas raises no triable issue for his retaliation claim. A prima facie retaliation case requires the plaintiff to first show: (1) he engaged in a protected activity; (2) suffered an adverse employment action; and (3) a causal nexus between the protected activity and the adverse employment action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (internal citation omitted). Only element three is at issue here.

We reject Douglas' argument that the causal chain extends back to his 2014 EEO complaint. There is no record evidence that Douglas' EEO activity was the but-for cause of his termination. *See Univ. of Tex. Sw. Med Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). Douglas' speculative arguments about the record are not "sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). He fails to establish the decisionmaker's knowledge of his EEO activity, which is "essential" to show causation. *Id.* Nor does the timing alone between Douglas' protected EEO activity in January 2014 and his termination in February 2015 for violating the terms of his last chance settlement agreement ("LCA") permit an inference of causation. *See Villiarimo*, 281 F.3d at 1065. Instead, the parties agree on the material fact that Douglas was terminated *for* violating the LCA. In other words, but for Douglas' violations of the postal rules and conditions in the LCA, he would not have been terminated.

2

We also reject Douglas' argument about the invalidity of the entire LCA. In essence, Douglas impermissibly seeks to challenge only part of his administrative proceedings in federal court and to preclude the Postmaster General from relitigating this issue and the administrative decisions below de novo. *See Chandler v. Roudebush*, 425 U.S. 840, 864 (1976); *Carver v. Holder*, 606 F.3d 690, 698 (9th Cir. 2010). Deciding this action, however, does not turn on this nugatory argument, which goes to pretext. Douglas did not meet his burden to show a prima facie retaliation case in the first instance. Notwithstanding the LCA's validity, the record still fails to show an unbroken chain of causation back to January 2014. And Douglas stipulates to the fact the Postal Service terminated his employment *for* violating the LCA's terms.

The Postal Service "must be permitted to draw the line somewhere." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). It properly did so here. Absent a causal nexus between Douglas' protected activity and his termination for violating the LCA, we hold that Douglas fails to show a prima facie case of retaliation and thus there is no triable issue for this claim.

2.     Likewise, there is no triable issue for Douglas' Age Discrimination in Employment Act ("ADEA") claim under 29 U.S.C. § 633a. Douglas seeks damages and other relief related to "the end result of an employment decision" and therefore must show but-for causation to prevail on his federal employee age

discrimination claim.  *Babb v. Wilkie*, 140 S. Ct. 1168, 1177–78 (2020).  The LCA did not waive the ADEA claim, as the waiver admittedly did not fully comply with the Older Workers Benefit Protection Act's ("OWBPA") statutory requirements for binding the employee set forth in 29 U.S.C. § 626(f).  Nonetheless, Douglas' argument that the LCA's noncompliance with the OWBPA constitutes direct evidence supporting an inference of age discrimination is unavailing.

Here, the absence of the OWBPA statutory language in the LCA, without more, does not constitute direct evidence of age discrimination because the OWBPA "governs the *effect* under federal law of waivers or releases *on ADEA claims . . . .*"  *Oubre v. Entergy Ops., Inc.*, 522 U.S. 422, 427 (1998) (emphasis added); *see also Harmon v. Johnson & Johnson*, 549 F. App'x 687, 687–88 (9th Cir. 2013).  The omission of the OWBPA language occurred in the context of giving Douglas another chance at remaining in his postal employment through the LCA rather than in the context of his later termination.

The missing OWBPA language harmed the Postmaster General to the extent it preserved Douglas' ADEA claim.  As a matter of law, the omission of OWBPA language alone here is not direct evidence of discrimination to withstand summary judgment because, on its face, the LCA did not condition, require, or limit anything *based on age.  Cf. Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) (finding direct evidence of discrimination where airline's policy was

4

discriminatory on its face because "the method of transfer available to a disqualified captain depends upon his age"); *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812–13 (9th Cir. 2004) (finding direct evidence of age discrimination because insurance policy did not cover employees older than seventy).  The Postal Service's failure to comply with the OWBPA predicates to bind an ADEA waiver is not a clearly discriminatory action.  *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005).  Concluding that the Postmaster General violated the OWBPA to obtain the LCA to justify terminating Douglas for his age—when the parties agree that Douglas was terminated for violating the LCA—requires an additional inference and is thus not direct evidence.  *Id.*

With no record evidence of age discrimination, we hold that there is no triable issue for Douglas' ADEA claim.

**AFFIRMED.**

5